UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST NAPPER, JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPT.; GEORGE BAILEY DETENTION FACILITY; and CORPORAL BADGE #3142,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-359 JLS (BLM)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g) AND (2) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

　　　Plaintiff Ernest Napper, Jr. ("Plaintiff" or "Napper"), currently incarcerated at George Baily Detention Facility ("GBDF"), has filed a pro se civil rights action pursuant 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. He has instead filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). *See* ECF No. 2 ("IFP Mot."). Plaintiff has also filed a Motion to Appoint Counsel. *See* ECF No. 3 ("Counsel Mot.").

/ / /

/ / /

**MOTION TO PROCEED *IN FORMA PAUPERIS***

**I.   Legal Standard**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Napper, however, "face an additional hurdle." *Id*.  In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id*.; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that, under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

**II.   Analysis**

    *A.   Whether Plaintiff Has Three Strikes*

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue,'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of its own dockets and those of other courts available on PACER, this Court finds that Plaintiff has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1) *Napper v. Wong*, Civil Case No. 2:08-cv-03826-UA-AN (C.D. Cal., West. Div.), ECF No. 2: July 1, 2008 order denying IFP status and dismissing case as "frivolous" and for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)–(iii) (strike one);

(2) *Napper v. Wong*, Civil Case No. 2:09-cv-03446-UA-AN (C.D. Cal., West. Div.), ECF No. 2: July 2, 2009 order denying IFP status and dismissing case as "frivolous" and for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)–(iii) (strike two); and

(3) *Napper v. Haws*, Civil Case No. 2:09-cv-04063-UA-AN (C.D. Cal., West. Div.), ECF No. 3: August 19, 2009 order dismissing case as "frivolous" and "for failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)–(iii) (strike three).

### B.   Whether Plaintiff Faces Imminent Danger of Serious Physical Injury

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). The Court has reviewed Plaintiff's Complaint and concludes that it contains no "plausible allegations" to suggest Napper faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

In his Complaint, Plaintiff alleges that Defendants have failed to take adequate precautions against contamination when distributing food to inmates during the COVID-19 outbreak. *See* Compl. at 4–5. He contends that jail staff are not changing their gloves often enough when distributing food and that the food is stored in a manner that leaves it susceptible to spoilage and pests. *Id.* at 5–6. Plaintiff also claims that, while jail officials provide "K-95" masks for detainees to use during court appearances, inmates are not given "K-95" masks for use inside the jail. *Id.* at 7. Plaintiff concedes detainees are provided with cloth masks inside the jail but argues that cloth masks are insufficient protection against COVID-19. *Id.*

Plaintiff's allegations do not rise to the level of "imminent danger of serious physical injury." *See Cervantes*, 493 F.3d at 1055; *see also Anderson v. Doe*, No. 20-cv-1620-DAD-SAB-PC, 2020 WL 7383644, at *2 (E.D. Cal. Dec. 16, 2020) (concluding a plaintiff who raised claims related to COVID-19 precautions in jail (or lack thereof) was not in imminent danger of serious physical injury at the time he filed the complaint because he was not a high risk detainee and the "jail [was] employing efforts to prevent the spread of

1  the disease"). Thus, the imminent danger exception to section 1915(g)'s three-strikes bar
2  does not apply here.
3     Accordingly, because Plaintiff has, while incarcerated, accumulated at least three
4  "strikes" as defined by section 1915(g), and because he fails to make a "plausible
5  allegation" that he faced imminent danger of serious physical injury at the time he filed his
6  Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See*
7  *Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)
8  (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts;
9  it only precludes prisoners with a history of abusing the legal system from continuing to
10 abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231
11 (9th Cir. 1984) (stating that "court permission to proceed IFP is itself a matter of privilege
12 and not right").

## MOTION FOR APPOINTMENT OF COUNSEL

14    Plaintiff has also filed a Motion for Appointment of Counsel. *See generally* Counsel
15 Mot. However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily
16 depends upon the plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court
17 may request an attorney to represent any person unable to afford counsel."). In other words,
18 in order to be successful, such a motion requires that the plaintiff has been determined
19 eligible to proceed IFP due to indigence; further, whether to grant a motion to appoint
20 counsel is within "the sound discretion of the trial court[,] and [such a motion] is granted
21 only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103
22 (9th Cir. 2004). Because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C.
23 § 1915(g) and additionally has failed to allege the presence of exceptional circumstances,
24 he also is not entitled to the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).
25 Therefore, the Court **DENIES** Plaintiff's Counsel Motion.
26 / / /
27 / / /
28 / / /

**CONCLUSION**

In light of the foregoing, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) (ECF No. 2);

2. **DISMISSES** this civil action *sua sponte* **WITHOUT PREJUDICE** for failing to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

3. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 14, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge